IN THE UNITED STATES DISTIRCT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

```
------------------------------X
JOANN TANCREDI,                :
        Plaintiff,             :   COMPLAINT AND JURY DEMAND
vs.                            :
                               :   Case No.:
The Rector, Church-Wardens     :
And Vestrymen of Trinity       :
Church, in the City of New-    :
York, a/k/a St. Paul's Chapel, :
JOHN DOES, 1-5                 :
                               :
        Defendant.             :
                               :
------------------------------x
```

JoAnn Tancredi, by and through her Attorney, Robert J. De Groot, Esq., hereby alleges the following:

### PARTIES

1. At all relevant times hereto, JoAnn Tancredi resided at 1 Southgate Road, Unit 2, New Providence, Union County, New Jersey, 07974.

2. At all relevant times hereto, The Rector, Church-Wardens and Vestryman of Trinity Church, in the City of New York, also known as St. Paul's Chapel, (hereinafter "Defendant") is a non-profit religious entity, that owns property located at 209 Broadway between Fulton Street and Vesey St., or Block 87, Lot 1 on the tax map in the City of New York, in the State of New York.

1

3. John Does 1-5 are individuals who own or operate property located at 209 Broadway between Fulton Street and Vesey St., or Block 87, Lot 1 on the tax map in the City of New York, in the State of New York.

## JURISDICTION

4. The United States District Court, Southern District of New York, has original jurisdiction in this matter as the sum in controversy exceeds $75,000 and the parties are citizens of diverse jurisdictions, and the cause of action arising in New York City, pursuant to 28 U.S.C. 1332.

## FACTS COMMON TO ALL COUNTS

5. On August 17, 2017, The Plaintiff was walking on Vesey St. towards the direction of the intersection of Vesey St. and Church St. in New York City.

6. The Plaintiff was walking on the sidewalk abutting property owned and maintained by the Defendant.

7. The sidewalk was in a state of disrepair and uneven in its surface.

8. The sidewalk contained a hazardous condition that the Defendant knew or should have known about.

9. The Defendant was under the obligation to correct the defect.

10. The sidewalk's defect caused the Plaintiff to trip and sustain injuries.

11. The Plaintiff sustained severe injuries to her arm, including but not limited to: right elbow terrible triad; radial neck fracture, displaced; lateral ligament avulsion tear; coronoid fracture, type 1.

## COUNT I

### NEGLIGENCE

12. The Plaintiff repeats and re-alleges the assertions contained in the preceding paragraphs as if plead hereto.

13. The Defendant had a duty to maintain its sidewalk in a reasonably safe condition.

14. The Defendant was aware or should have been aware that its sidewalk was in a state of disrepair and constituted a hazardous condition.

15. The Defendant breached its duty when it failed to repair the sidewalk or to warn pedestrians of its defects.

16. As a result of the Defendant's breach of duties, the Plaintiff sustained severe injuries.

WHEREFORE, the Plaintiff demands compensatory damages, punitive damages, attorney costs and fees.

## COUNT II

### NEGLIGENCE

17. The Plaintiff repeats and re-alleges the assertions contained in the preceding paragraphs as if plead hereto.

18. John Does 1-5 had a duty to maintain its sidewalk in a reasonably safe condition.

19. John Does 1-5 were aware or should have been aware that its sidewalk was in a state of disrepair and constituted a hazardous condition.

20. John Does 1-5 breached its duty when it failed to repair the sidewalk or to warn pedestrians of its defects.

21. As a result of the Defendant's breach of duties, the Plaintiff sustained severe injuries.

WHEREFORE, the Plaintiff demands compensatory damages, punitive damages, attorney costs and fees.

*[signature]*
Robert J. De Groot, Esq.
56 Park Pl.
Newark, N.J. 07102
(973) 643-1930

Date:  July 14, 2018

## JURY DEMAND

The Plaintiff hereby demands a trial by jury as to all the issues in this matter.

*[signature]*
Robert J. De Groot, Esq.

Date:  July 14, 2018

4

### DESIGNATION OF TRIAL COUNSEL

    The Plaintiff hereby designates Robert J. De Groot, Esq., as trial counsel in the within matter.

                                             _____
                                             Robert J. De Groot, Esq.

Date:  July 14, 2018